United States District Court
Southern District of Texas
**ENTERED**
April 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY ROBERT TREJO,           §
(TDCJ # 02568156),              §
                                §
        *Plaintiff,*            §
                                §
vs.                             §    CIVIL ACTION NO. H-26-2629
                                §
                                §
BRYAN COLLIER, *et al.*,        §
                                §
        *Defendants*.           §

## MEMORANDUM OPINION AND ORDER

Anthony Robert Trejo, (TDCJ #2568156), is currently incarcerated at the Luther Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. Proceeding *pro se*, he filed a civil rights complaint under 42 U.S.C. § 1983 against multiple TDCJ officials concerning multiple alleged violations of his rights since his return to TDCJ in 2025. (Dkt. 1). His rambling petition, filed on March 30, 2026, seems to allege that he has been denied access to the law library, that his computer tablet has been stolen, that his grievances are not being properly processed, that his Social Security benefits have been improperly withheld, that TDCJ officials are not following their own policies and regulations, and that his rights were violated during a disciplinary hearing. (Dkt. 1, pp. 4-6). He also seems to allege that he has been receiving substandard health care. (*Id.* at 5). He attached to his complaint

medical records from a February 13, 2026, incident during which he assaulted a TDCJ officer in the inmate infirmary, and he appears to contend that he was not properly treated for injuries he suffered in the ensuing use of force. (Dkt. 1-1, pp. 1-2). As relief, he seeks money damages, the return of his property, transfer to a "third-party institution" for proper medical treatment, and reinstatement of his Social Security benefits, as well as injunctive and declaratory relief. (Dkt. 1, pp. 7, 9). Trejo did not pay the applicable filing fee for a civil-rights action when he filed his complaint. Because he is not entitled to proceed *in forma pauperis*, his action is dismissed as explained below.

## I.   DISCUSSION

Trejo is incarcerated, so his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, while Trejo has been incarcerated, he has filed at

2/6

least three civil actions that the courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Trejo v. Biden, et al.,* No. 5:24-cv-496-XR (W.D. Tex. Oct. 8, 2024) (dismissed as frivolous and for failing to state a claim); *Trejo v. Janssen Pharm. Prods. LP, et al.,* No. 2:16-cv-00204 (N.D. Tex. July 23, 2018) (dismissed as frivolous); *Trejo v. Dretke,* No. 5:05-cv-00248-C (N.D. Tex. Nov. 18, 2005) (dismissed for failing to exhaust administrative remedies, rendering the action frivolous); *Trejo v. Donahue, et al.,* No. 5:98-cv-00573-PMA (W.D. Tex. Dec. 14, 1999) (dismissed as frivolous). As a result of these prior filings, Trejo may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham,* No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños,* 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing."

3/6

*Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). The threat of imminent serious physical injury must also be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *Stine*, 571 F. App'x at 354 (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims). "Prisoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-0006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)).

Trejo's complaint contains only allegations of past harm. He does not allege facts showing that he is currently in imminent danger of serious physical injury from the defendants. And his dissatisfaction with the medical care provided for his February 2026 injury is not sufficient to warrant a finding of imminent danger.

Because Trejo does not allege facts to show that falls within the imminent-danger exception to the three-strikes rule, he is not entitled to proceed *in forma pauperis* in this action. As he has not paid the filing fee and may not proceed *in forma pauperis*, his action must be dismissed.

## II.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil-rights action filed by Anthony Robert Trejo, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot.**

3. Trejo may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for**

5/6

the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on _____*Apr 7*_____, 2026.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE